UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLGA GUSAKOV,

                      Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
17-cv-05671 (AMD)

**ANN M. DONNELLY,** United States District Judge:

The plaintiff, Olga Gusakov, seeks review of the Commissioner of Social Security's decision, after a hearing before Administrative Law Judge Lori Romeo, that she was not entitled to disability insurance benefits under Title II of the Social Security Act. (Tr. 19.) For the reasons that follow, I conclude that the ALJ's decision was based on substantial evidence, and that she applied the correct legal standards. The Commissioner's motion for judgment on the pleadings is granted, the plaintiff's motion for judgment on the pleadings is denied, and the ALJ's decision is affirmed.

The plaintiff filed her application for SSDI benefits on December 19, 2013, alleging disability as of October 11, 2013, because of a right foot injury and spinal disease. (Tr. 13, 15.) The claim was initially denied on January 29, 2014. (Tr. 13.) The plaintiff subsequently filed a written request for a hearing on February 12, 2014, pursuant to 20 C.F.R. § 404.929. (*Id.*) ALJ Romeo held a hearing on March 30, 2016, at which the plaintiff, represented by counsel, testified. (*Id.*) On May 27, 2016, ALJ Romeo denied the plaintiff's claim for benefits. (Tr. 15-19.) She concluded that despite the plaintiff's severe impairments—complications from a right

1

foot fracture and lumbar disk bulges—the plaintiff had the residual functional capacity to perform light work, and could perform her past relevant work as an acupuncturist. (*Id.*) The ALJ gave "little weight" to the opinion of treating physician Dr. Rimma Shnaydman, and "greater weight" to the conclusions of the consultative physiatrist Dr. Louis Tranese. (Tr. 17, 18.)

A district court reviewing a final decision of the Commissioner "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If the Commissioner's findings as to any fact are supported by substantial evidence, they are conclusive and should be upheld. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" means "more than a mere scintilla," and includes "relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The plaintiff argues that the ALJ should have sought clarification and additional information from the plaintiff's treating doctor, Dr. Shnaydman, before discrediting her opinion, and that she did not give "good reasons" for her decision not to give controlling weight to the doctor's opinion, and to give greater weight to the consultative doctor's opinion. The plaintiff also says that the ALJ substituted her own opinion for the doctors' opinions, and that she made a mistake in the sequential evaluation process.

Before determining whether the Commissioner's final decision is supported by substantial evidence, "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the

administrative record." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016); *accord Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982). I am not persuaded, as the plaintiff contends, that the ALJ was required to seek "clarification" from Dr. Shnaydman before ruling that the doctor's opinion lacked sufficient clinical or objective medical support. (ECF No. 9 at 14-15.) The ALJ considered the relevant evidence in the record, including the treatment notes of the plaintiff's foot surgeon, Dr. Simon, the MRI and EMG results, Dr. Tranese's consultative orthopedic examination, and the plaintiff's own testimony, which was sufficient to reach a determination. (*See* Tr. 17-18); 20 C.F.R. § 404.1520b.

ALJ Romeo articulated "good reasons" for denying controlling weight to Dr. Shnaydman's opinion. A treating source's medical opinion will be given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "When a treating source's opinion is not given controlling weight, the proper weight accorded depends upon several factors, including: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Perez v. Astrue*, No. 07-CV-958, 2009 WL 2496585, at *7 (E.D.N.Y. Aug. 14, 2009) (internal quotation marks and citations omitted). The ALJ must provide "good reasons" for the weight accorded to the treating physician's opinion. *Id.*

ALJ Romeo explained why she gave little weight to Dr. Shnaydman's opinion, and those reasons were sound. (Tr. 18.) One of the plaintiff's chief complaints was her foot injury. Dr. Shnaydman was neither an orthopedist or a foot specialist, and saw the plaintiff only a few times

over the course of several months.[1] (Tr. 18, 269-72). The doctor who did treat the plaintiff's foot injury was Dr. Simon, a podiatrist whom the plaintiff does not mention. Dr. Simon treated the plaintiff over the course of two years—from October 14, 2013, through at least November 24, 2015. (Tr. 17, 239, 264).

ALJ Romeo's conclusion that Dr. Simon's treatment notes did not support Dr. Shnaydman's opinion that the plaintiff could lift less than 10 pounds and could not stand for even two hours is supported by the record. (Tr. 17-18.) Dr. Simon observed that the plaintiff had either intermittent pain or no pain after her foot surgery, and could walk without crutches and even without shoes. (*See* Tr. 17, 201, 213, 216, 219.) As ALJ Romeo pointed out, Dr. Shnaydman's notes did not include detailed clinical findings, such as range of motion or diagnostic testing results. (Tr. 18.) And Dr. Shnaydman did not complete the portion of the medical assessment form that asked for the medical findings that supported her opinion. (Tr. 18, 273-74.) Instead, as ALJ Romeo noted, Dr. Shnaydman "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported."[2] (Tr. 19); 20 C.F.R. § 404.1527(c)(4).

ALJ Romeo's decision that the opinion of the plaintiff's consulting physician, Dr. Tranese, was entitled to greater weight is also supported by the record. (ECF No. 9 at 12-13.) Dr. Tranese, who specializes in physical medicine and rehabilitation and conducted a

---

[1] Generally, the more times a treating source has seen a patient, the more weight their medical opinion will be given. 20 C.F.R. § 404.1527(c)(2)(i).
[2] ALJ Romeo's conclusion about Dr. Shnaydman's lack of expertise in Social Security Administration's rules and regulations does not form a basis for reversal. (Tr. 18.) An ALJ is entitled to consider "other factors" in deciding whether to give controlling weight to a treating physician, including "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding . . . ." 20 C.F.R. § 404.1527(c)(6).

4

consultative orthopedic examination on the plaintiff, found that although the plaintiff limped, needed a cane to walk long distances outdoors, and could not walk on her heels and toes, she was not in acute distress, could squat and stand, and did not need help during the examination. (Tr. 17.) The plaintiff had some tingling and numbness on her foot, but had no abnormalities in her upper extremities or spine. (*Id.*) Finally, Dr. Tranese determined that the plaintiff had mild restrictions for walking long distances, "excessive" stairclimbing, and standing for a long time. (*Id.*)

The plaintiff dismisses Dr. Tranese's opinion as "absurd on its face," because it was the result of a single consultation. (ECF No. 9 at 12-13.) The plaintiff also faults the ALJ for citing Dr. Tranese's expertise in Social Security Administration's rules and regulations as a reason to give his opinion "greater weight" than Dr. Shnaydman. (*Id.* at 12.) However, ALJ Romeo found that the plaintiff could perform "light work" as an acupuncturist, which does not require lifting and carrying 50 to 100 pounds. (Tr. 19.) Her decision was not based only on Dr. Tranese's consultative examination—which was consistent with Dr. Simon's conclusion—but on the entire record, including two years of treatment records from October 2013 through December 2015. (Tr. 18-19.) Moreover, adjudicators are authorized to consider "other factors," including a medical provider's understanding of the Social Security Administration's disability program. 20 C.F.R. § 404.1527(6). ALJ Romeo considered the whole record, and gave "good reasons" for attributing greater weight to the consultative examiner's assessment than the treating physician's assessment pursuant to 20 C.F.R. § 404.1527.[3]

---

[3] The plaintiff attempts to undercut the value of Dr. Tranese's consultative examination because he did not have MRI or EMG studies. However, there is nothing in 20 C.F.R. § 404.1519n that requires a consultative examiner to obtain previous medical tests, and the ALJ took into account the fact that "Dr. Tranese did not have the opportunity to review the claimant's MRI or EMG tests," which explains the ALJ's added "restrictions in the residual functional capacity determination." (Tr. 17-18.)

5

I also reject the plaintiff's argument that ALJ Romeo substituted her own opinion for the doctors' opinions. (ECF No. 9 at 13-14.) When medical evidence conflicts, as it did in this case, "[t]he trier of fact has the duty to resolve that conflict." *Perales,* 402 U.S. at 399. The ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [her] decision." *Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013). A district court reviewing the Commissioner's decision defers to the Commissioner's resolution of conflicting evidence. *Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir. 1998).

In this case, Dr. Shnaydman said that the plaintiff could lift less than 10 pounds and could not stand for even two hours; Dr. Tranese, on the other hand, said that there no weight limitations on the plaintiff's ability to lift or carry, and that the plaintiff could stand for five hours, walk for three hours, and sit for eight hours without interruption. (Tr. 255-56, 273-74.) ALJ Romeo properly resolved this conflict by considering the full record, and her resolution was consistent with the treatment notes and objective medical testing. (Tr. 17.) The December 2013 treatment notes established that the plaintiff denied pain and that the swelling in her foot had gone down. (Tr. 17, 168.) Objective medical tests showed that the joints in the plaintiff's foot were aligned and intact, and the surgical screw was intact. (Tr. 17, 170.) By November 2015, the plaintiff had reduced range of motion but no pain in her right ankle. (Tr. 17, 265.) According to EMG tests, the plaintiff had a pinched spinal nerve and an injury to a nerve in her lower leg. (Tr. 17, 277.) ALJ Romeo considered all of this evidence in determining the plaintiff's residual functional capacity.

Nor did the ALJ make a legal error at step two in the sequential evaluation process, as the plaintiff claims. (ECF No. 9 at 15.) ALJ Romeo considered all of the plaintiff's impairments in the entirety of the sequential evaluation process. She referred to the plaintiff's right foot fracture

and lumbar disc bulges at step two, and noted the details of the plaintiff's disc bulge and nerve injuries—the moderate bilateral neural foraminal disc herniations at L3-L4, a moderate to large broad-based midline to left paracentral disc herniation at L4-L5, bilateral L5-S1 radiculopathy, and peroneal neuropathy—at step four. (Tr. 15-17); *see Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. May 2, 2013) (summary order) (finding that "any error was harmless" because the plaintiff's additional impairments were considered during the subsequent steps). The ALJ considered all of the plaintiff's treatment records, including the notes of her foot problems and the efforts to treat them, including surgery and post-operative care directed by Dr. Simon.

ALJ Romeo's decision was based on substantial evidence, including the treatment notes of the plaintiff's podiatrist, the consultative examination, and the objective medical tests. Accordingly, the defendant's motion for judgment on the pleadings is granted, the plaintiff's motion is denied, and the ALJ's decision is affirmed. The Clerk of the Court is respectfully directed to enter judgment in favor of the Commissioner, dismissing this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
       December 12, 2018